**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**


**CRYSTAL GARRISON,**                                                              **PETITIONER**

**V.**                                                                      **NO. 2:06CR0157-GHD**


**UNITED STATES OF AMERICA,**                                              **RESPONDENT**


## MEMORANDUM OPINION

Presently before the court is Crystal Garrison's, a federal inmate, *pro se* motion for relief from judgment. Having reviewed the motion, the court finds that the motion is not well taken and shall be denied.

### A. Background

On October 26, 2006, Garrison was charged with 22 counts crimes related to stolen checks and forgery. Garrison agreed to plead guilty to only one count. On May 16, 2007, Garrison was sentenced to ten months imprisonment with three years of supervised release. On October 22, 2007, Petitioner filed a motion for relief from judgment seeking the modification of her sentence.

### B. Discussion

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a

defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582.

None of these circumstances are applicable in this case.  Additionally, though there were no arithmetical errors, any technical miscalculation should have been corrected by May 25, 2007.  *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998).  Though the court is sympathetic, Garrison's motion is has no legal basis.  Consistent with the foregoing discussion Petitioner's motion for relief from judgment shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 6th day of November, 2007.


/s/ Glen H. Davidson
Senior Judge